# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ALLEN R. WILLIAMS, SIDNEY CHARLES, ROBERT MCNAIRY, and KEVIN D. MOORE, Defendants. | No. CR 10-4083-MWB<br><br>**ORDER REGARDING DEFENDANT WILLIAMS'S MOTION TO DETERMINE ISSUE OF LAW** |

_____

This case is before the court on defendant Allen R. Williams's January 24, 2011, Motion To Determine Issue of Law (docket no. 189). Defendant Williams seeks a ruling as a matter of law that the Fair Sentencing Act of 2010 applies to the instant case where the named defendants are alleged to have committed a crime prior to August 3, 2010, the effective date of the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) (FSA), but whose case is pending after that date. Defendants Kevin D. Moore and Sidney Charles filed Responses (docket nos. 196 and 197), joining in defendant Williams's motion and asserting that the question he presented was just as applicable to them.

On January 28, 2011, the prosecution filed a Motion To Amend Superseding Indictment (docket no. 201), seeking, *inter alia*, to amend the drug quantity allegedly involved in the crack cocaine conspiracy in **Count 1** from 50 grams or more of crack cocaine to 28 grams or more of crack cocaine and to alter the period of the alleged conspiracy from "about January 2010, and continuing through about August 2, 2010," to "about January 2010, and continuing through about August 2010." The prosecution represented that the defendants had been apprised of the change and had no objections to

the amendment. The court allowed the amendment by Order (docket no. 202) dated January 28, 2011. On January 31, 2011, the prosecution also filed a Response To Defendants' Motion(s) To Determine Law Issues, asserting that the amendment to the Superseding Indictment rendered defendant Williams's motion "moot."

The FSA became effective on August 3, 2010, and the United States Sentencing Commission promulgated conforming Sentencing Guidelines effective November 1, 2010. In a series of rulings, the Eighth Circuit Court of Appeals has addressed the applicability of the FSA to pending cases. *See United States v. Smith*, ___ F.3d ___, ___, 2011 WL 285056, *3 (8th Cir. Jan. 31, 2011) (the FSA does not apply retroactively to a defendant whose appeal was pending at the time that the FSA became effective); *United States v. Williams*, 2011 WL 167073, *1 (8th Cir. Jan. 20, 2011) (the FSA does not apply retroactively to a defendant who was sentenced before the Act became effective); *United States v. Spires*, ___ F.3d ___, ___, 2011 WL 93826, *5 (8th Cir. Jan. 12, 2011) (where the FSA was passed after the defendant was sentenced, the defendant was subject to the penalties in place at the time that he committed the crimes in question); *United States v. Brown*, 2010 WL 3958760 (8th Cir. Oct. 12, 2010) (the FSA is not retroactive, so that the statutory minimum existing at the time the offense was committed governs). Here, the Superseding Indictment, as amended on January 28, 2011, alleges that the crack cocaine conspiracy extended beyond the effective date of the FSA and now alleges a quantity of crack cocaine involved in that offense that conforms to the FSA. Thus, a defendant convicted of that offense would be subject to both the FSA's mandatory minimums and the amended Sentencing Guidelines. The prosecution does not contend otherwise. However, the defendants ask the court to decide whether the FSA applies to the instant case where the named defendants are alleged to have committed a crime prior to August 3, 2010, the effective date of the Fair Sentencing Act. That question now only applies to charges in

other counts of the Superseding Indictment, which allege criminal conduct completed prior to the effective date of the FSA. The FSA is not applicable to defendants convicted of those other charges. *Brown*, 2010 WL 3958760.[1] The court takes no position at this time on what Sentencing Guidelines would be applicable to defendants convicted of those other charges, which is not a question squarely raised by defendant Williams's motion and one that is best deferred until sentencing.

THEREFORE, defendant Allen R. Williams's January 24, 2011, Motion To Determine Issue of Law (docket no. 189) is **granted** to the extent that the court concludes that the FSA applies to the crack cocaine conspiracy charge in **Count 1** of the Superseding Indictment, as amended on January 28, 2011; the FSA does not apply to other charges in the Superseding Indictment allegedly committed prior to the effective date of the FSA; and the court takes no position on what Sentencing Guidelines would be applicable to defendants convicted of those other charges.

**IT IS SO ORDERED.**

**DATED** this 3rd day of February, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] The court notes that no quantity of crack cocaine is alleged for any of the other offenses, so that the mandatory minimum sentences applicable either before or after the FSA became effective are not implicated.