# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALLEN R. WILLIAMS,<br><br>Defendant. | No. CR10-4083-MWB<br><br>**ORDER CONCERNING DEFENDANT'S *PRO SE* MOTION FOR NEW TRIAL** |

On December 14, 2010, a Superseding Indictment was returned against defendant Allen R. Williams, charging him with conspiracy to distribute 50 grams or more of crack cocaine, having previously been convicted of two felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1), distributing crack cocaine, having previously been convicted of two felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851 (Counts 2, 7 and 8), distributing and aiding and abetting another in the distribution of crack cocaine, having previously been convicted of two felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851, and 18 U.S.C. § 2 (Count 3). Trial in this case commenced on February 9, 2011. On February 10, 2011, the jury returned a verdict finding Williams guilty of the charged offenses. On April 7, 2011, Williams filed a *pro se* Motion for New Counsel and New Trial (docket no. 306). Williams's motion consists of eight numbered paragraphs. In paragraphs 1 though 6, Williams argues his trial counsel provided ineffective assistance. In paragraph 7, Williams objects to the replaying of video-tape for the jury upon the jury's request. In paragraph 8, Williams requests new counsel. New counsel was appointed for

Williams on April 13, 2011. On April 29, 2011, Williams, through his new counsel, filed a brief regarding his Motion for New Trial. In his brief, Williams concedes that his claims of ineffective assistance of counsel found in paragraphs 1 through 6 should be presented in a post-conviction motion under 28 U.S.C. § 2255 and withdraws those claims. In his only remaining claim, Williams argues the court permitting audio and video recordings to be replayed for the jury drew undue attention to those exhibits and warrants granting him a new trial. The prosecution filed a timely resistance on May 6, 2011.[1] Applying the required standards for consideration of a motion for new trial, *see* FED. R. CRIM. P. 33, which this court articulated in *United States v. Ortiz*, 40 F. Supp. 2d 1073, 1079, 1082 (N.D. Iowa 1999), defendant Williams's Motion for New Trial is denied.[2]

---

[1] Rule 33(b)(2) provides in pertinent part that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2). The Rule 33 time limitation is not jurisdictional and is waivable if the prosecution fails to object to an untimely motion. *Eberhart v. United States,* 546 U.S. 12, 13 (2005) (per curiam). Because the prosecution opposed Williams's motion on the merits and has not raised the timeliness of the motion, it has waived any objection based on timeliness. *See id.*

[2] It was well within the court's discretion to replay the video and audio recordings at the jury's request. *See United States v. Muhlenbruch*, 634 F.3d 987, 1001-02 (8th Cir. 2011); *United States v. Haren*, 952 F.2d 190, 197 (8th Cir. 1991); *United States v. Guerue*, 875 F.2d 189, 190 (8th Cir. 1989); *United States v. Koessel*, 706 F.2d 271, 275 (8th Cir. 1983).

**IT IS SO ORDERED.**

**DATED** this 11th day of May, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA